KLIEFORTH and another, Plaintiffs in error, vs. THE STATE, Defendant in error.

*May 8 — May 25, 1894.*

*Criminal law: Game laws: "Night time."*

The question being whether a duck was shot in the night time in violation of sec. 14, ch. 106, Laws of 1893, an instruction fixing the end of night and the commencement of day at exactly one hour before sunrise was erroneous. If there was daylight enough to discern a man's face it was day time; otherwise not.

ERROR to the Circuit Court for *Dodge* County.

The plaintiffs in error were convicted in the circuit court for Dodge county upon a complaint charging them with assault and battery upon one F. M. Lamb, alleged to have been committed upon the 1st day of September, 1893. On the morning of that day, said Lamb was shooting ducks upon the Horicon marsh, and, at some time between the hours of 4 and 5 o'clock in the morning, shot and killed a duck. *Klieforth* was game warden, and as such arrested Lamb within a few minutes after the shot was fired. Under the statute of this state a game warden is authorized to arrest any person, without a warrant, whom he finds in the act of shooting ducks "in the night time." Laws of

1891, ch. 436, sec. 2; also, Laws of 1893, ch. 106, secs. 1, 2, 14. *Cummings* assisted *Klieforth* in making said arrest.

It seems to have been conceded in the circuit court, upon the part of the plaintiffs in error, that they were guilty of the crime charged in the complaint, unless the shooting in question was committed in the night time; and, upon the part of the state, it was conceded that they were not guilty unless the proof showed that the shooting in question was done in the day time. Therefore, the case resolved itself into one single question of fact, namely, Did Lamb commit the act of shooting the duck in question in the night time or in the day time? If in the night time, the plaintiffs in error were not guilty. If in the day time, they were guilty of committing the assault and battery charged.

The evidence on behalf of the state tended to show that the duck was shot at 4:30 o'clock A. M., and the arrest was made a few minutes thereafter. On behalf of the defense, there was evidence that the duck was shot at 4:04 A. M., and the arrest was made at 4:11. The evidence showed that the sun rose at 5:21. Among the instructions, the circuit judge instructed the jury as follows: " So, when you come to the question of whether it was daylight or not, it is somewhat vague. Therefore, I think that you had better confine yourselves, in your deliberations, to the question of time. If you find that the duck was shot before 4:21 in the morning, then it was shot in the night. If it was shot after that time, it was shot in the day time." To this charge, plaintiffs in error excepted. A verdict of guilty was rendered, and from judgment thereon the defendants sued out their writ of error.

For the plaintiffs in error there was a brief by *James J. Dick* and *Frank M. Lawrence*, and oral argument by *Mr. Dick*. They contended that the night time is that period of time between the setting and the rising of the sun. Cent. Dict. *verb.* DAY; Webster, Dict. *verb.* NIGHT; Co.

Litt. 135a; *Pulling v. People*, 8 Barb. 385. In Massachusetts, by statute, night time in criminal prosecutions is defined to be "the time between one hour after the sunsetting on one day and one hour before sunrising on the next day." Gen. Stats. ch. 172, sec. 13. But there is no statute or decision in this state defining night time.

For the defendant in error there was a brief by the *Attorney General* and *J. M. Clancey*, Assistant Attorney General, and oral argument by the *Attorney General*. As to when night ends and day begins, they cited *State v. Bancroft*, 10 N. H. 105; *Lewis v. State*, 16 Conn. 32; *People v. Griffin*, 19 Cal. 578; 4 Bl. Comm. 224; *Comm. v. Chevalier*, 7 Dana Abr. 134.

WINSLOW, J. The pivotal question in the case was whether the duck was shot in the night time or in the day time; and the court charged the jury that if it was shot before 4:21 A.M., then it was shot in the night, and if after that time, then it was shot in the day time. This instruction fixed the end of night and the commencement of day at a definite minute of time,— just one hour before sunrise. We have been referred to no authority which sustains this definition of "night," and we think that it must be held erroneous. In the case of burglary, the rule is thus stated by Blackstone (vol. 4, p. 224): "If there be daylight or *crepusculum* enough, begun or left, to discern a man's face withal, it is not burglary. But this does not extend to moonlight." This rule was approved by this court in *Nicholls v. State*, 68 Wis. 416. It is substantially supported by the general current of decisions in those states where, as in Wisconsin, there is no statutory definition. 16 Am. & Eng. Ency. of Law, 707, and cases cited in note 3. We see no good reason for applying one definition to the word in burglary, and another definition in a prosecution for violation of the game laws. It is plain that in view of

the evidence the erroneous definition given by the court might have been, and probably was, very prejudicial to the defendants' case.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.